IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES BASKIN,<br><br>Defendant. | CRIMINAL ACTION FILE<br><br>NO. 1:14-CR-293-TCB-AJB |

**<u>O R D E R</u>**

This matter is before the Court on Defendant Charles Baskin's objections [45] to Magistrate Judge Alan J. Baverman's Final Report and Recommendation (the "R&R") [43], which recommended denying Baskin's motions to suppress evidence [13] and statements [14].

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404,

408 (5th Cir. 1982)).[1] This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by the Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases).

matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)). After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful, *de novo* review of the R&R and Baskin's objections thereto. Having done so, the Court finds that Magistrate Judge Baverman's legal conclusions were correct and Baskin's objections have no merit.

Defendant Baskin first objects to the R&R's finding that there was sufficient probable cause to justify the stop of his vehicle. He argues that the R&R did not properly consider Agent McLeod's testimony that the informant previously provided "unreliable" information. According to Baskin, the stop was therefore only supported by mere speculation.

When a confidential informant has provided information that contributes to the belief of probable cause to make an arrest, the reviewing court must make an objective determination of whether probable cause to make an arrest existed at the time of the arrest in light of the totality of the circumstances. The circumstances include whether: the informant's information was based on personal knowledge, he had a history of providing reliable information, and the information provided by the informant was corroborated by independent police work. *See Illinois v. Gates*, 462 U.S. 213, 225–41 (1983).

The Court agrees with the R&R that the circumstances known to the officers were sufficient to cause a prudent person to believe that Baskin committed, was committing, or was about to commit the offense. *Michigan v. De Fillippo*, 443 U.S. 31, 37 (1979). Defendant only objects

to the R&R not taking into consideration the informants past in determining probable cause. However, the specific information provided in the past led to many arrests. Furthermore, the Defendant only points to testimony that a couple previous deals arranged by the informant were unsuccessful because the seller did not show up.[3] This does not render the informant's information unreliable. *United States v. Akins*, No4:07-cr-48-CAS, 2007 WL 1018761, at *6 n.2 (E.D. Mo. Apr. 2, 2007) ("The affidavit does not state nor should it be read to mean that on occasions when arrests did not occur that the informant's information was not reliable.").

In addition, there was other information available to the officers to render the informant's information reliable: (1) the informant's detailed information about the time and location of the deal along with the vehicle Baskin was driving; and (2) the informant reporting to the agents that he had seen the cocaine. Therefore, the officers were able to sufficiently determine the reliability of the information provided by the

[3] In Defendant's objections to the R&R, he only references the suppression hearing testimony as evidence of a lack of reliability of the informant [45] at 1. However, there is no evidence that the previous unsuccessful arrests based on the informant's information was false or unreliable.

informant. *United States v. Brown*, 636 F. App'x 514, 519 (11th Cir. 2016) ("The tip also exhibited reliability because the informant personally witnessed Brown dealing drugs."); *United States v. Robinson*, 202 F. App'x 434, 436 (11th Cir. 2006) ("An 'explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles the [confidential informant's] tip to greater weight than might otherwise be the case.'").

Defendant Baskin also argues that the further search of his vehicle that resulted in the discovery of the firearm was not justified. Specifically, he objects to the R&R's finding that the agents did not have reason to believe that additional contraband or evidence relating to the arrest would be found in his car. Under *Arizona v. Gant*, "circumstances unique to the vehicle context justify a search incident to a lawful arrest when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." 556 U.S. 332, 343 (2009) (quotation omitted). According to Baskin, this reasonable belief was lacking because there was no evidence other than one agent's

speculation that a drug dealer "might have more [contraband]" if he is subsequent deliveries [45] at 3.

While the agent's belief alone would not be considered sufficient under *Gant*, there was other evidence to justify the further search by the agents. The court in *Gant* also determined that ""[i]f there is probable cause to believe a vehicle contains evidence of criminal activity, *United States v. Ross*, 456 U.S. 798, 820-21 (1982), authorizes a search of any area of the vehicle in which the evidence might be found . . . *Ross* allows searches for evidence relevant to offenses other than the offense of arrest, and the scope of the search authorized is broader." *Gant*, 556 U.S. at 347 (internal citations omitted). The Court agrees with the R&R that between the fact that Baskin told the informant the type of vehicle he was going to use to deliver the cocaine and then arriving in that vehicle to deliver the cocaine, there was sufficient "probable cause to believe [Baskin's] vehicle contain[ed] evidence of criminal activity." *Id.*

Finally, Defendant argues that his vehicle was not subject to the further inventory search because it was on private property, not

blocking traffic, and there was no request from the property owners to remove it. However, the Court agrees with the R&R that "the decision to impound [was] made on the basis of standard criteria and on the basis of something other than suspicion of evidence of criminal activity." *Sammons v. Taylor*, 967 F.2d 1533, 1543 (11th Cir. 1992) (quoting *Colorado v. Bertine*, 479 U.S. 367, 375 (1987)). Baskin's vehicle was impounded and searched because Baskin was arrested, there was no other person to retrieve the vehicle, and the vehicle was not on Baskin's residence or property, which was in accordance with the department's policies [43] at 19-20. The impounding of the vehicle was not due solely because of Baskin's arrest, but instead to protect Baskin's property in policy custody, to protect the police against claims of lost or stolen property, and to protect the police from potential danger. Therefore, the agent's decision to impound was based on "something other than suspicion of evidence of criminal activity." *Id.*

Accordingly, the Court ADOPTS AS ITS ORDER the Report and Recommendation [43] and DENIES Defendant Baskin's motions to suppress evidence and statements [13 & 14].

IT IS SO ORDERED this 23rd day of September, 2016.

Timothy C. Batten, Sr.
United States District Judge